# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
## No. 18-31V
**Filed: February 14, 2019**
UNPUBLISHED

| | |
|---|---|
| PRESCILLA LAURILLA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.*
*Jeffrey T. Sprague, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 5, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that petitioner suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) as a result of her February 24, 2015 tetanus, diphtheria, acellular Pertussis, ("Tdap") vaccination.  Petition at 1, 14-15.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 12, 2019, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent indicates that he

> has reviewed the petition and medical records filed in this case, and has concluded that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table.[3] Specifically, petitioner had no history of pain, inflammation, or dysfunction of her left shoulder; pain occurred within 48 hours after the flu vaccine was administered; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. *See* 42 C.F.R. §§ 100.3(a); 42 C.F.R. 100.3(c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.  *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(I).

*Id.* at 11-12.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] 42 C.F.R. § 100.3(e)(1); 82 Fed. Reg. 11321 (Feb. 22, 2017) (announcing "that the effective date is delayed until March 21, 2017").