# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-31V
UNPUBLISHED

| | |
|---|---|
| PRESCILLA LAURILLA,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 13, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Brian L. Cinelli*, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

  On January 5, 2018, Prescilla Laurilla filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her February 24, 2015 Tetanus Diphtheria acellular Pertussis ("Tdap") vaccination. Petition at 1, 14-15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On February 14, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 10, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $95,000 (this amount constitutes damages for pain and suffering). Proffer at 1. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $95,000 (this amount constitutes damages for pain and suffering) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| PRESCILLA LAURILLA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 18-31V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Compensation for Vaccine Injury-Related Items**

On February 12, 2019, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury suffered following receipt of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination on February 24, 2015.  On February 14, 2019, a Ruling on Entitlement, adopting respondent's recommendation, was issued.

Based upon the evidence of record, respondent proffers that petitioner[1] should be awarded $95,000.  This amount constitutes damages for pain and suffering, and represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

---

[1] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.

[2] Should Petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through:

>a lump sum of **$95,000** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

<u>s/ JAMES V. LOPEZ</u>
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

Dated: July 10, 2020